**In the Matter of the PATERNITY OF T.W.C.**

**M.E.D., Appellant–Respondent,**

v.

**B.C., Appellee–Petitioner.**

**No. 02A03–9409–CV–339.**

Court of Appeals of Indiana, Third District.

Jan. 30, 1995.

Donald D. Doxsee, Fort Wayne, for appellant.

Daniel J. Borgmann, Helmke, Beams, Boyer & Wagner, Fort Wayne, for appellee.

**OPINION**

STATON, Judge.

M.E.D. ("Father") appeals the trial court's award of child support in the underlying paternity action. After B.C. ("Mother") initiated suit, Father admitted paternity. Father raises four issues on appeal which we consolidate into two and restate as follows:

I.   Whether the trial court erred by deviating from the presumptive child support amount without entering findings supporting the deviation.

II.   Whether the trial court erred by apportioning Father an excessive percentage of the child's uninsured medical expenses without entering findings.

We remand.[1]

The facts most favorable to the judgment are as follows. The trial court entered a

---

1.   In addition, Father points out that the order's caption erroneously refers to the instant case as

child support order which contained the following findings and recommended judgment:

1. That the paternity of the minor child[, name omitted,] was established on February 8, 1994.... 3. That [Mother] is employed and earns Four Hundred Four Dollars ($404.00) gross per week.... 6. That [Mother] supports three children born prior to the birth of [the minor child]. 7. That [Father] is employed and earns Nine Hundred Seventy Eight Dollars ($978.00) gross per week. 8. That [Father] supports three children born prior to the birth of [the minor child].... 13. *That neither party has shown a justification for a deviation from the child support guidelines recommended support amount.*

&ast; &ast; &ast; &ast; &ast; &ast;

3. That [Father] be ordered to pay to [Mother] the sum of One Hundred Sixty One Dollars ($161.00) per week for the support of the minor child.... 5. ... That [Mother] be responsible for the first Six Hundred Fifty Four Dollars ($654.00) per year in uninsured medical ... expenses incurred on behalf of the minor child. That the parties share any *uninsured medical* ... expenses incurred on behalf of the minor child in excess of Six Hundred Fifty Four Dollars ($654.00) per year with *[Mother] being responsible for twenty-three percent (23%) and [Father] being responsible for seventy-seven percent (77%).*

Record, pp. 32–35. (Emphasis added.) Father appeals.

## I.

### *Deviation from Presumptive Award*

Father argues that the judgment deviated from the presumptive child support award

established by the guidelines without entering findings. Mother acknowledges a deviation but claims it is *de minimis*.

When an award of child support deviates from the presumptive amount provided by the Indiana Child Support Guidelines, the trial court must make a finding that the guideline amount is unjust and state a factual basis for the deviation. Child.Supp.G. 3(F)(2); *Boruff v. Boruff* (1992), Ind.App., 602 N.E.2d 180, 182. After examining the record, we cannot say whether the trial court deviated from the presumptive amount as no findings were made as to the credit either party should receive for the support of their respective prior-born minor children. Child Supp.G. 3(C)(2). We cannot make the factual determination of the appropriate credit and cannot determine the presumptive award without such a finding. Therefore, we remand to the trial court for a finding on the credit both parties should receive for support of respective prior-born minor children and, if necessary, a statement of the factual basis for its deviation from the presumptive amount.[2]

## II.

### *Extraordinary Medical Expenses*

Next, Father argues that the trial court placed an excessive share of the minor child's extraordinary uninsured medical expenses on Father without stating a factual basis for the deviation. Father argues that the presumptive apportionment of uninsured medical expenses is equal to the parties' percentage shares of their combined weekly adjusted income.[3]

---

a marriage dissolution. Father argues that the incorrect caption has caused him embarrassment and should be corrected. While clerical errors do not command reversal, we bring the error to the trial court's attention to correct in its discretion. Ind.Trial Rule 60(A).

2. Father's contingent argument that the arrearage was improperly calculated depends upon the trial judge's actions on remand. If the trial judge enters findings indicating that he awarded the presumptive amount or that the circumstances justified deviating from that amount, the

arrearage entered is proper. Otherwise, the arrearage should be recalculated.

3. The trial court assigned 77% of these medical expenses to Father and 23% to Mother. Neither party knows how the trial court arrived at these figures. It appears these percentages do not represent the parties' respective shares of the combined weekly adjusted income, though this cannot be determined without the trial court's findings as to the credit for prior-born minor children.

Father bases his argument on the commentary to the child support guidelines which states, in part:

[a]fter the custodial parent's obligation for ordinary uninsured health care expenses is computed, some provision should be made for uninsured health care expenses that may exceed that amount. The excess costs should be apportioned between the parties according to the Percentage Share of Income computed on line 2 of the worksheet[, percentage share of combined weekly income].

Child Supp.G. 3(E)(2) (Commentary). Although the commentary is not binding, *Haverstock v. Haverstock* (1992), Ind.App., 599 N.E.2d 617, 619, *reh. denied*, we feel the best rule is to follow the commentary and require the trial court to set forth specific findings if deviating from the presumptive apportionment of uninsured medical expenses.[4] This rule is logical, comports with the general tenor of the guidelines, and facilitates appellate review. As such, we remand to the trial court for proceedings not inconsistent with this opinion.

Remanded.

HOFFMAN and SULLIVAN, JJ., concur.

---

4. We acknowledge that this conclusion is contrary to cases holding that the apportionment of uninsured medical expenses is left to the trial court's discretion. *E.g., Lulay v. Lulay* (1991), Ind.App., 583 N.E.2d 171, 172–173, *mod. on other grounds*, (1992) Ind.App., 591 N.E.2d 154; *Kyle v. Kyle* (1991), Ind.App., 582 N.E.2d 842, 848, *reh. denied*. We believe that the guidelines, amended effective March 1, 1993, and the mandatory language of the commentary compels siding with those cases holding the trial court must provide specific findings to deviate from apportioning uninsured medical expenses according to the percentage shares of total weekly adjusted income. *E.g., Garrod v. Garrod* (1992), Ind.App., 590 N.E.2d 163, 170, *reh. denied; Grammer v. Grammer* (1991), Ind.App., 566 N.E.2d 1080, 1082. *Cf. Truman v. Truman* (1994), Ind.App., 642 N.E.2d 230, (declining to follow *Lulay, supra*, on related point in light of amended guidelines and commentary). In doing so, we follow the rationale of *Truman, supra*, that contrary cases were based on superseded commentary which was equivocal as to how uninsured medical expenses should be apportioned.