In re the Marriage of Wallace R. WEISS, Jr., Appellant–Petitioner,

v.

Margaret S. (Weiss) FRICK, Appellee–Respondent.

No. 20A04–9705–CV–192.

Court of Appeals of Indiana.

March 31, 1998.

David W. Stone, IV, Stone Law Office & Legal Research, Anderson, for Appellant–Petitioner.

J.A. Whitmer, Kraig A. Pringle, Marie Waring Mengel, Elkhart, for Appellee–Respondent.

## OPINION

STATON, Judge.

Wallace R. Weiss, Jr. appeals the trial court's order denying modification of his child support obligation. Wallace seeks review of the following restated issues:

I. Whether Wallace proved he is entitled to a reduction in his child support obligation.

II. Whether the trial court erred in ordering Wallace to pay medical expenses for which he had not received a thirty-day notice.

III. Whether the trial court erred in failing to order the production of his ex-wife's tax returns.

IV. Whether the trial court misapplied Wallace's medical reimbursement payment to his child support obligation.

We affirm.

The marriage of Wallace and Margaret S. (Weiss) Frick was dissolved on October 26, 1989. Pursuant to the dissolution decree, which merged and incorporated the couple's settlement agreement, Margaret was awarded custody of the couple's two children and Wallace was ordered to pay child support

which gradually increased to $200.00 per week in 1991.[1]

As part of the property settlement, Wallace received Weiss Industries, Inc. for which both parties had worked. He immediately sold the company and realized substantial capital gains over several years. Wallace has remained unemployed since 1989.

Wallace unsuccessfully petitioned for modification of his child support obligation in 1990 and 1993. On the latter occasion, the trial court found that Wallace was voluntarily unemployed by reason of the sale of his business. Wallace did not appeal that decision. On August 6, 1996, Wallace filed the present motion to modify, claiming a substantial and continuing change of circumstances that rendered the current order unreasonable. Wallace maintained that his daughter, then a junior at Purdue University, and his son, then a freshman at Butler University, had no relationship with him and requested that (1) his child support obligation be abated during the time the children were in college, and (2) he be allowed to decide what amount he should contribute to the children's college expenses.[2]

Following a hearing, the trial court entered requested findings of fact and conclusions of law in which it decided that the estranged father-child relationships were not the fault of the children. Concluding that there was no substantial change in circumstances, the court denied Wallace's motion. This appeal ensued.

■ On review of a modification of child support, the trial court's judgment will be affirmed unless clearly erroneous, that is, unless it is clearly against the logic and effect of the facts and circumstances before the trial court. *Gilpin v. Gilpin*, 664 N.E.2d 766, 767 (Ind.Ct.App.1996). When a party has requested specific findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Bd. of Comm'rs v. Rittenhouse*, 575 N.E.2d 663, 665 (Ind.Ct.App.1991), *trans. denied*. In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* In doing so, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility. *DeHaan v. DeHaan*, 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *reh. denied, trans. denied*.

## I.

### Child Support Obligation

Wallace first contends that he was entitled to a reduction in his child support obligation. We disagree.

■ A child support order may be modified only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

IND.CODE § 31–1–11.5–17(a) (1993), now codified at IC 31–16–8–1 (1997 Supp.). The party seeking modification bears the burden of proving the necessary change of circumstances to justify modification. *Beardsley v. Heazlitt*, 654 N.E.2d 1178, 1180 (Ind.Ct.App. 1995), *reh. denied*.

■ In Wallace's lengthy brief, he first argues that the court improperly included capital gains from the sale of his business, a marital asset, in his gross income. At the

---

**1.** The child support obligation was derived without reference to the Indiana Child Support Rules and Guidelines, effective October 1, 1989.

**2.** There is no indication that Wallace had paid any of his children's college expenses.

relevant hearing, Wallace introduced his federal income tax forms, but failed to complete a verified child support worksheet. The court entered the following relevant findings:

> The Indiana Child Support Guidelines adopted in the State of Indiana in 1989 and still in effect, Support Guideline 3.A.1. defines weekly gross income and includes capital gains as one of the items incorporated in gross income. The evidence shows that the Husband received capital gains income in 1994 of $137,900.00 and in 1995, of $244,029.00, in addition to interest income in 1995, of $17,532.00, plus some other incidental income.
>
> The Husband tried to characterize the capital gains income as simply an installment receipt of marital assets granted to him at the time of dissolution and the same should not be counted as income. The Court finds said argument to be inaccurate and not in keeping with the Child Support Guidelines.

Record at 61–62. The court later concluded:

> That *there has been no substantial and continuing change in circumstances* since the entry by the Court in 1993 confirming the support order of $200.00 per week. As a matter of fact, *if the Court were to apply the Child Support Guidelines, average the Husband's adjusted gross income for 1994 and 1995, the resulting order of child support would be in excess of $450.00 per week, in addition to which, the Court could require the Husband to contribute to college expenses, pursuant to I.C. § 31–1–11.5–12.*

Record at 63 (emphasis added). Initially, we recognize that the findings are, in part, conclusions of law. However, we need not consider whether the court erred in setting Wallace's support obligation based upon an improper calculation of gross income. While the court did compute adjusted gross income using capital gains, it rejected the child support award based on that calculation. Instead, the court weighed Wallace's capital gains along with other factors and, because

it found no significant change in circumstances, kept Wallace's weekly support at $200.00.

In a similar argument, Wallace presents unverified hypothetical calculations to prove his current child support obligation deviates more than 20% from the amount derived from application of the guidelines and argues he is entitled to a reduction in his obligation under IC 31–1–11.5–17(a)(2). Ignoring the fact that Wallace's petition for modification alleged a "change of circumstances," under subdivision (a)(1), we observe that Wallace's calculation is based upon the adjusted gross income figure reported on his federal tax form, less capital gains, plus his testimony that his 1996 gross income will be a negative $10,000.00, testimony the trial court found "incredible." [3]

■ We remind Wallace that he cannot establish a variation from the guidelines without proper evidence. In *Beardsley*, a father seeking modification of his child support obligation submitted tax forms to the trial court but did not comply with the guidelines by submitting a completed, verified and signed worksheet. 654 N.E.2d at 1181. We affirmed the trial court's denial of the father's petition, stating that under those circumstances the trial court would have erred if it had granted the father's petition to modify. *Id.* Under the guidelines, weekly gross income is required to be reported on a guideline worksheet. Ind.Child Support Guideline 3(B)(1). Tax forms may supplement that worksheet, Ind.Child Support Guideline 3(B)(2), but income for guidelines purposes is more inclusive than that reported for income tax purposes. *DeBoer v. DeBoer,* 669 N.E.2d 415, 424 (Ind.Ct.App.1996), *trans. denied.* Here, as in *Beardsley*, we shall not rely upon tax forms in lieu of a verified worksheet.

■ Wallace, a second semester junior at an Arizona college, argues that the trial court should not impute income to him because he entered college in good faith, not to avoid

---

3. The court found:

> The Husband testified that his 1996 income would be a negative figure, and claimed that he had nothing remaining of his 1994 or 1995 receipts out of which to pay current orders of child support, which the Court finds incredible.
>
> Record at 62.

responsibility for those dependent on him. While in an appropriate case this argument could have merit, it is unavailing here, where Wallace did not produce the necessary evidence to substantiate his claim of a change of circumstances making his $200.00 weekly support payment unreasonable. The court did not enter a finding or conclusion specifically addressing Wallace's education, and we find no reversible error in that omission.

## II.

### Medical Expenses

Wallace maintains that the trial court erroneously required him to pay medical expenses for which he had not received proper notice. The dissolution decree required Margaret to send invoices for certain medical expenses to Wallace within thirty days of their being incurred, and Wallace was to pay the expenses within two weeks. Margaret testified that she had previously supplied Wallace with copies of medical expenses within the thirty-day period but that Wallace had never reimbursed her on time. Record at 230–31. The court determined:

> As to 1995 and 1996, the Wife has delayed too long in submitting such expenses to the Husband and cannot ask that the Husband be held in contempt for his failure to pay said sums, although the Husband shall not be released from paying his portion of the medical expenses for these years.

Record at 64. The court refused to hold Margaret in contempt and ordered Wallace to pay all reimbursements due unless he could "convince the Court" that he was not liable for the expenses. Record at 64–65. Wallace now insists that the court impermissibly rewrote the couple's settlement agreement.

A property settlement agreement incorporated into a decree of marriage disso-

lution is a binding contract. *DeBoer,* 669 N.E.2d at 422 (quoting *Dusenberry v. Dusenberry,* 625 N.E.2d 458, 463 (Ind.Ct.App. 1993)). However, the decree in this case did not specify that failure to give timely notice would release Wallace from his obligation, and we decline to read that provision into the court's order. Historically, child support and the collection thereof have been treated uniquely from other types of judgments. *Wagle v. Henry,* 679 N.E.2d 1002, 1006 (Ind. Ct.App.1997). Courts have a duty to provide an effective means for enforcing a support order or a parent could become immune from an order for support. *Id.* (quoting *Gibson v. Bennett,* 561 So.2d 565, 569 (Fla.1990), cited in *Pettit v. Pettit,* 626 N.E.2d 444, 446 (Ind. 1993)). Here, the court refused to make notice a condition precedent to enforcement of Wallace's obligation without definite language compelling that result.[4] As such, the court was cognizant that the benefits from the reimbursement ultimately enure to the children, not to Margaret. *See id.* We find no error.

## III.

### Production of Tax Returns

The original dissolution decree provided that, for purposes of verifying income and modifying support, the parties would exchange copies of their state and federal income tax returns every year. Neither party had exchanged income tax returns since 1993. At the hearing on Wallace's motion to modify support, Wallace remembered the provision in the decree and asked Margaret to produce her returns. Margaret wanted to redact information related to her present husband's earnings. The court took the matter under advisement, but never entered a formal ruling on the request. Wallace ar-

---

4. In its judgment, the trial court clarified its original decree as follows:

That the Court modifies the Decree of Dissolution and now requires that the Wife submit all medical expenses to the Husband for his consideration and payment within thirty (30) days after she receives the explanation of benefits form from any insurance carrier insuring said children. Failure of the Wife to submit said expenses within said period of time will result

in the Court's non-enforcement of that portion of the Decree requiring the Husband to contribute to medical expenses. The Husband is hereby ordered to pay any and all expenses so submitted to him within thirty (30) days from receipt and upon the failure of the Husband to pay the same, the Wife shall have her remedies of contempt.

Record at 65.

gues that the court erred in refusing to order production of the returns.

 The financial resources of both parents are relevant in child support modification determinations and should be included in the totality of circumstances to be considered when an award is made. *Haverstock v. Haverstock,* 599 N.E.2d 617, 619 (Ind.Ct.App. 1992), *reh. denied.* Consequently, Margaret's present income and her potential income are material issues. Nonetheless, the trial court's refusal to require Margaret to produce her tax returns does not constitute reversible error. Margaret testified regarding her assets and income and, as discussed previously, income tax forms do not replace the worksheet required by the guidelines.

## IV.

### *Arrearage Payment*

In 1993, Wallace owed $6,000.00 for back child support and $3,408.00 for medical expense reimbursement. He eventually paid the entire amount to the clerk of the court. Upon calculating Wallace's present arrearage, the trial court entered the following finding:

> In 1996, the Husband attempted to pay medical reimbursement through the clerk's office support desk by having the Clerk mark a support check to include medicals. That is not [the] correct way in which to pay medical reimbursement, and the Court has taken all payments to the Clerk's office as child support.

Record at 62.

Wallace does not challenge the factual basis of that finding. Instead, he argues that the court misapplied the medical reimbursement because all support orders must go through the clerk of the court. The relevant statute allows for the payment of support "through the clerk of the circuit court . . . unless the court has reasonable grounds for providing or approving another method of payment." IC § 31–1–11.5–13(a) (1993), now codified at IC 31–16–9–1 (Supp.1997); *De-Boer,* 669 N.E.2d at 425. A trial court is not required to order medical reimbursement payments be made to the clerk. The court credited the full amount Wallace had paid to

his child support arrearage. Under these circumstances, the court's finding is not erroneous.

We hold that the judgment is supported by the findings of fact and conclusions entered thereon. Wallace failed to demonstrate a change of circumstances rendering his child support order unreasonable. The trial court did not err in denying the motion for modification.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.