Samih ABOUHALKAH, Appellant–Respondent,

v.

Laurie SHARPS, Appellee–Petitioner.

No. 02A05–0206–CV–283.

Court of Appeals of Indiana.

Sept. 11, 2003.

Robert J. Hardy, Thomas & Thomas, Waterloo, IN, Attorney for Appellant.

## OPINION

KIRSCH, Judge.

Samih Abouhalkah ("Father") appeals the trial court's denial of his petition to modify his child support obligation. He raises one issue, which we restate as whether the trial court erred when it refused to modify his child support obligation. Because we conclude that the trial

court improperly denied Father's petition to modify support, we reverse the trial court's order and remand with instructions to enter an order modifying child support pursuant to the Indiana Child Support Guidelines.

### Facts and Procedural History

Father filed a petition for modification of child support on February 13, 2002. In this petition, he claimed that the trial court's previous order, which ordered him to pay $174 per week in child support, was unreasonable and should be modified. *Appellant's Appendix* at 16. On March 1, 2002, the trial court held a hearing on Father's petition. At the time of the original child support order, Father was employed as a chemist with a salary of $46,000 per year. He testified at the hearing that he left his previous employment because his hours continued to increase, and his compensation continued to decrease. *Appellant's Appendix* at 21. He also stated that he was unable to stay with his previous employer without moving to Minnesota because his department was being relocated. *Appellant's Appendix* at 21. Father declined to relocate because he would be so far away from his children, and, therefore, he terminated his employment. Father testified that he was unable to find employment similar to his previous employment as a chemist. In the spring of 2002, he looked for such jobs, and none was available within a one-hour driving radius of his home. *Appellant's Appendix* at. 20–21.

At the time of his petition, Father was employed by Vintage Chemicals, a company he started in 1999. He stated that his yearly income for 2001 was $16,200 and that he expected to make $20,000 in 2002. *Appellant's Appendix* at 20. At the conclusion of the hearing, the trial court denied Father's petition to modify his child support obligation. Father now appeals.

### Discussion and Decision

■ Initially, we note that Laurie Sharps, the Mother, did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for her. *In re C.R.R.*, 752 N.E.2d 58, 60 (Ind.Ct.App. 2001). We apply a less stringent standard of review with respect to showings of reversible error, and we may reverse the trial court's decision if the appellant can establish prima facie error. *Id.* (citing *Fisher v. Bd. of Sch. Trs.*, 514 N.E.2d 626, 628 (Ind.Ct.App.1986)). "Prima facie error, in this context, is defined as 'at first sight, on first appearance, or on the face of it.'" *Id.* (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985)). If an appellant is unable to meet that burden, we will affirm. *Id.*

■ In reviewing a determination denying a petition to modify child support, we will reverse if there is a showing that the trial court abused its discretion. *In re Paternity of E.M.P.*, 722 N.E.2d 349, 351 (Ind.Ct.App.2000) (citing *Elliott v. Elliott*, 634 N.E.2d 1345, 1348 (Ind.Ct.App.1994)). We will only reverse a decision for abuse of discretion regarding the modification of child support when the decision is clearly against the logic and effect of the facts and circumstances that were before the trial court, including any reasonable inferences to be drawn therefrom. *Id.*

■ Child support orders may be modified based upon the following statutory guidelines:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that dif-

fers by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

IC 31–16–8–1. We do not reweigh the evidence or judge the credibility of the witnesses upon review; rather, we only consider the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. *E.M.P.*, 722 N.E.2d at 351. The petitioner bears the burden of proving a substantial change in circumstances that justifies a modification of child support. *Weiss v. Frick*, 693 N.E.2d 588, 590 (Ind.Ct.App.1998), *trans. denied.*

■ Father argues that the trial court erred when it denied his petition to modify the child support order. He claims that he was entitled to modification based on a change in his circumstances so substantial and continuing as to make the terms unreasonable.

Here, the trial court found that Father voluntarily left his employment and, thus, was voluntarily underemployed. In such situations, the amount of potential income to be used when a parent becomes voluntarily unemployed or underemployed is determined by considering the parent's employment potential and probable earnings level based on work history, occupational qualifications, prevailing job opportunities, and earnings levels in the community. Child.Supp. G. 3(A). "One purpose of [determining] potential income is to discourage a parent from taking a lower paying job to avoid the payment of significant support." Child.Supp. G. 3(A), cmt. 2c. Another is to "fairly allocate the support obligation when one parent remarries and, because of the income of the new spouse, chooses not to be employed." *Id.*

■ On the other hand, child support orders cannot be used to "force parents to work to their full economic potential or make their career decisions based strictly upon the size of potential paychecks." *E.M.P.*, 722 N.E.2d at 351–52 (citing *In re Buehler*, 576 N.E.2d 1354, 1356 (Ind.Ct. App.1991)). We agree with Father's reliance on this latter statement to support his argument that the trial court erred in denying his petition for modification.

Here, there was no evidence or finding that Father left his higher-paying job to purposely avoid paying child support or to punish Mother or the children. To the contrary, Father left his employment because he chose not to relocate out-of-state several hundred miles away from his children. Such a choice does not constitute voluntary unemployment. It is uncontradicted that Father sought comparable employment but was unsuccessful. He then went to work for his own company. Based upon the prevailing job opportunities presently available where Father can remain close to his children and potential earning potential in the community where he lives, the trial court erred by determining he was voluntarily underemployed and refusing to modify child support and in continuing to impute the higher potential income to him. In the present case, Father quit his job working as a chemist, which would have required him to relocate to Minnesota where he would be less able to be a part of his children's lives. He sought out other employment opportunities in the area in order to avoid relocation, and, despite his efforts, was forced to return to a lower paying job at a company that he started.

■ Based upon the undisputed facts and circumstances, the trial court incorrectly determined that Father was

voluntarily underemployed. A parent who chooses to leave his employment rather than move hundreds of miles away from his children is not voluntarily unemployed or underemployed. Instead, he is a loving parent attempting to do the right thing for his children. To punish such a parent by requiring higher child support than the guidelines require is neither good law nor good policy. "It is not our function to approve or disapprove of the lifestyle of these parties or their career choices and the means by which they choose to discharge their obligations in general." *Buehler,* 576 N.E.2d at 1356. The trial court's decision to deny Father's petition to modify child support because Father was voluntarily underemployed was against the logic and effect of the facts and circumstances that were before it. Accordingly, we reverse the trial court's order and remand with instructions to enter an order modifying child support pursuant to the Indiana Child Support Guidelines.

Reversed and remanded.

MAY, J., concurs.

MATHIAS, J., dissents with separate opinion.

MATHIAS, Judge, dissenting.

I respectfully dissent.

When reviewing a denial of a petition to modify child support, we apply a clearly erroneous standard. *Scoleri v. Scoleri,* 766 N.E.2d 1211, 1215 (Ind.Ct.App.2002) (citing *Beardsley v. Heazlitt,* 654 N.E.2d 1178, 1180 (Ind.Ct.App.1995)). We will only reverse a decision regarding the modification of child support when it is clearly against the logic and effect of the facts and circumstances that were before the trial court. *Id.* We do not reweigh the evidence or judge the credibility of the witnesses upon review; rather, we only consider the evidence most favorable to the judgment

and the reasonable inferences to be drawn therefrom. *Scoleri,* 766 N.E.2d at 1215 (citing *Bower v. Bower,* 697 N.E.2d 110, 113 (Ind.Ct.App.1998)). The petitioner bears the burden of proving a substantial change in circumstances that justifies a modification in child support. *Weiss v. Frick,* 693 N.E.2d 588, 590 (Ind.Ct.App. 1998), *trans. denied.* This standard of review is highly deferential to the trial court's ability to weigh the evidence and to judge the credibility of the witnesses.

The majority is persuaded by Father's claims that he was unable to stay at his previous employment because his department was being relocated to Minnesota and that he could not find similar employment within a one-hour driving radius to come to its conclusion that the trial court's decision was against the logic and effect of the facts and circumstances before it. Although I agree it is commendable that a father would want to live close to his children and be able to spend time with them, the only evidence provided to this court on appeal was a statement of the evidence drafted by Father's counsel. No transcript of the modification hearing at issue was included in the record.

The trial court, with its opportunity to see and hear the witnesses firsthand, is in the best position to judge their demeanor and credibility. *In re W.B.,* 772 N.E.2d 522, 535 (Ind.Ct.App.2002). With the scant and one-sided record before us, I believe that the trial court was in the best position to judge Father's demeanor and credibility at the modification hearing, and its decision to deny modification should be given deference. I think this deference is especially important when the difference in the earnings upon which child support is based changes so radically.

Here, Father quit his position as a chemist, earning $46,000 per year to start

his own company. In so doing, he voluntarily reduced his annual earnings to $16,200 in 2001 and $20,000 in 2002. He had no health or other problems that forced him to leave his previous job. He also received no better benefits or other perquisites to help indicate that his choice was a reasonable one. The trial court was therefore correct in distinguishing *In re E.M.P.*, 722 N.E.2d 349 (Ind.Ct.App.2000). Father testified that he left because his hours kept increasing, while his pay kept decreasing and because his department was being relocated. Appellant's App. p. 21. These stresses and conflicts are all too common in our current economy.

Under the facts and circumstances of this case, I do not believe that the trial court's finding that Father was voluntarily underemployed and its resulting decision to deny Father's petition to modify child support were clearly against the logic and effect of the facts and circumstances that were before it. *See Scoleri*, 766 N.E.2d at 1215. Therefore, I would vote to affirm the trial court.