896 N.E.2d 1188 (2008)
In re the PATERNITY OF A.M.P.,
State of Indiana, Appellant-Petitioner,
v.
Curtis Price, Appellee-Respondent.
No. 71A04-0806-JV-33.
Court of Appeals of Indiana.
November 26, 2008.
*1189 Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorney for Appellant.

OPINION
ROBB, Judge.

Case Summary and Issue
In this Title IV-D proceeding, the State appeals the trial court's order granting the State's motion to correct error. Although the trial court's order was technically favorable to the State, it contained a provision that prevented the State from withholding additional amounts from the Title IV-D obligor's paycheck to satisfy an arrearage unless the State successfully moved the trial court to enter an additional order authorizing such withholding. On appeal, the State contends this provision is inconsistent with federal and state laws governing Title IV-D income withholding procedures. Concluding that the State is not statutorily required to seek judicial authorization under such circumstances, we reverse.

Facts and Procedural History
On March 9, 2007, the State filed a paternity action to establish Curtis Price as the father of A.M.P. On April 24, 2007, the trial court found that Price was A.M.P.'s father and ordered, among other things, that he pay child support in the amount of $38 per week. On March 11, 2008, the State filed a motion alleging that as of February 29, 2008, Price was $416 in arrears with his child support payments. On March 13, 2008, the trial court entered an order requiring Price to show cause why he should not be held in contempt for failing to comply with the child support order.
The trial court conducted a hearing on the State's motion on April 1, 2008. That *1190 same day, the trial court entered an order finding that Price was in contempt and that he was $568 in arrears as of March 31, 2008. Based on these findings, the trial court ordered that Price fulfill his $38 weekly child support obligation through wage withholding and that he contribute an additional $12 per week through wage withholding to satisfy the arrearage. The trial court also prohibited the State "from engaging in the issuance of any further income withholding order other than the one issued in this case from time to time." Appellant's Appendix at 7. On April 10, 2008, the State filed a motion to correct error, claiming that this prohibition was inconsistent with federal and state laws governing Title IV-D income withholding procedures. On April 17, 2008, the trial court granted the State's motion by deleting the above language and replacing it with the following: "Pursuant to [Indiana Code section] XX-XX-XX-X.5(f), the [State is] prohibited from increasing the weekly amount withheld by Income Withholding Order without further court order."[1]Id. at 6. Apparently perceiving this revision as one of form but not of substance, the State now appeals.

Discussion and Decision

I. Standard of Review
The trial court's order, though technically favorable to the State, interpreted Indiana Code section 31-16-15-2.5(f) as "prohibit[ing] [the State] from increasing the weekly amount withheld by Income Withholding Order without further court order." Id. The State's appeal thus challenges the trial court's interpretation of a statute, which is an issue we review de novo. K.T.P. ex rel. A.S.P. v. Atchison, 848 N.E.2d 280, 283 (Ind.Ct.App.2006). We also note the State's burden is relaxed because Price has not filed an appellee's brief. In such cases, we will not attempt to develop an argument for the appellee and may reverse the trial court's decision if the appellant can establish prima facie error. Abouhalkah v. Sharps, 795 N.E.2d 488, 490 (Ind.Ct.App.2003). Prima facie error means "at first sight, on first appearance, or on the face of it." Id. (quotation marks and citation omitted).

II. Propriety of Trial Court's Interpretation
Subsections (f) and (g) of Indiana Code section 31-16-15-2.5 state as follows:
(f) If an obligor subject to an income withholding order is in arrears, unless otherwise ordered by a court, the Title IV-D agency or its agent may increase the weekly amount withheld as follows:
(1) If the arrearages are at least five hundred dollars ($500) and less than three thousand dollars ($3,000), an additional amount of up to twenty dollars ($20).
(2) If the arrearages are at least three thousand dollars ($3,000) and less than five thousand dollars ($5,000), an additional amount of up to twenty-five dollars ($25).
(3) If the arrearages are at least five thousand dollars ($5,000) and less than ten thousand dollars ($10,000), an additional amount of up to thirty dollars ($30).
(4) If the arrearages are at least ten thousand dollars ($10,000) and less than fifteen thousand dollars ($15,000), an additional amount of up to thirty-five dollars ($35).
(5) If the arrearages are at least fifteen thousand dollars ($15,000) and *1191 less than twenty thousand dollars ($20,000), an additional amount of up to forty dollars ($40).
(6) If the arrearages are at least twenty thousand dollars ($20,000) and less than twenty-five thousand dollars ($25,000), an additional amount of up to forty-five dollars ($45).
(7) If the arrearages are at least twenty-five thousand dollars ($25,000), an additional amount of up to fifty dollars ($50).
(g) A court is not bound by and is not required to consider the additional amounts described in subsection (f) when ordering, modifying, or enforcing periodic payments of child support.
As mentioned above, when it granted the State's motion to correct error, the trial court interpreted subsection (f) as "prohibit[ing] [the State] from increasing the weekly amount withheld by Income Withholding Order without further court order." Appellant's App. at 6. This interpretation was apparently based on construing the clause "unless otherwise ordered by a court" as permitting the trial court to limit the State's authority to increase the weekly withholding amount to satisfy an arrearage. The State argues this interpretation is erroneous because, in light of federal and state laws governing Title IV-D proceedings, the clause must be construed as merely referring to the trial court's authority under subsection (g) to order weekly withholding in excess of the amounts listed in paragraphs (1) to (7) of subsection (f).
Our rules of statutory interpretation are well established. The goal of statutory interpretation "is to determine, give effect to, and implement the intent of the legislature." Collier v. Collier, 702 N.E.2d 351, 354 (Ind.1998). When interpreting a statute, a reviewing court examines the language itself, but also the statute as whole, so as to avoid placing too much emphasis on a selective reading of individual words. Id.
Determining whether the trial court properly interpreted Indiana Code section 31-16-15-2.5(f) initially requires an overview of Title IV-D proceedings in general and income withholding procedures in particular. "Title IV-D" refers to the portion of the Social Security Act codified at 42 U.S.C. sections 651 to 669b. Cf. Ind.Code § 31-9-2-130.2 (defining "Title IV-D case" to mean "for purposes of IC 31-16-15 ... a case arising under Title IV-D of the federal social security act (42 U.S.C. 651 through 669)"). Generally speaking, Title IV-D outlines the procedures a state must establish to receive federal funding if it elects to take part in the Aid to Families with Dependent Children ("AFDC") program. These procedures include providing a comprehensive system of child-support related services for those who receive aid from the AFDC program (typically custodial parents of limited means and their children), such as establishing paternity, locating absent parents, and  relevant to this case  maintaining and enforcing support orders. See 42 U.S.C. §§ 651 and 654(4). The specifics of these procedures (known as a "plan," see id. § 602(a)) are left to the state to adopt, but they must be consistent with Title IV-D's requirements as outlined in 42 U.S.C. sections 654 and 666. Indiana's "plan" is codified at Indiana Code chapters 31-25-3 and -4, and provisions relating to child support income withholding orders are codified at Indiana Code chapter 31-16-15.
Provisions relating to child support withholding orders include those found at 42 U.S.C. section 666(b). Paragraph (b)(1) of that section requires a state plan to withhold "so much of [a noncustodial] parent's income ... as is necessary to comply with the [child support] order ....", including *1192 amounts necessary to satisfy an arrearage, and paragraph (b)(2) states that "such withholding must occur without the need for any amendment to the support order involved or for any further action (other than those actions required under this part) by the court ... which issued such order." See also 45 C.F.R. § 303.100(a)(4) (stating substantially similar requirements). We think these provisions counsel against interpreting Indiana Code section 31-16-15-2.5(f) in a manner that requires judicial authorization before the State may increase the withholding amount to satisfy an arrearage. Indeed, such an interpretation appears inconsistent with 42 U.S.C. section 666(b)(2)'s requirement that "such withholding must occur without the need... for any further action (other than those actions required under this part) by the court ... which issued such order"[2] and Indiana Code section 31-25-4-9's requirement that the State "follow the federal requirements imposed by statute and regulation governing the formation of the state plan." We therefore interpret the clause "unless otherwise ordered by a court" as merely referring to a trial court's authority under subsection (g), which permits the trial court to disregard the limitations of paragraphs (1) to (7) in increasing withholding amounts to satisfy an arrearage, and not as preventing the State from increasing such withholding amounts on its own initiative.
We recognize our interpretation may cause some concern, as it permits the State to forego judicial authorization before increasing the withholding amount, but the statute itself limits the withholding amount, see Ind.Code § 31-16-15-2.5(f)(1) to (7), and the State is required to send the obligor a notice of intent to withhold income before withholding occurs, see Ind. Code § 31-16-15-3.5(a). This notice must provide the obligor with fairly detailed information, see Ind.Code § 31-16-15-3.5(b), presumably to provide the obligor with the opportunity to contest the withholding in court if the obligor so chooses. Moreover, 42 U.S.C. section 666(b)(1) provides for a maximum "ceiling" for arrearage withholding, stating that such withholdings may not exceed the amounts listed in 15 U.S.C. section 1673(b)(2), which, subject to some exceptions, cap withholding at 50 or 60 percent of the obligor's weekly income depending on the obligor's marital status and the number of dependent children the obligor supports.
We conclude Indiana Code section 31-16-15-2.5(f) does not permit the trial court to limit the State's authority to increase the weekly withholding amount to satisfy an arrearage. Thus, the State has demonstrated that the trial court's interpretation of that statute was prima facie error.

Conclusion
The trial court's interpretation of Indiana Code section 31-16-15-2.5(f) was prima facie error.
Reversed.
NAJAM, J., and MAY, J., concur.
NOTES
[1] The trial court's order stated that the prohibition applies to the "St. Joseph County Prosecutor's IV-D Office and the State Central Collection Unit." Id. We will refer to these entities collectively as the State for the sake of brevity.
[2] "[O]ther than those actions required under this part" refers to other actions of a trial court that are required under Title IV-D. Our review of Title IV-D has not disclosed any requirement stating that a trial court may prohibit the state from increasing the withholding amount to satisfy an arrearage.