908 N.E.2d 1205 (2009)
In re the PATERNITY OF M.P.M.W.,
A.W., Appellant-Respondent,
v.
Z.B., Appellee-Petitioner.
No. 82A04-0811-JV-638.
Court of Appeals of Indiana.
July 9, 2009.
*1207 John Andrew Goodridge, Evansville, IN, Attorney for Appellant.
Matthew W. Lutz, Fox & Lutz, LLC, Evansville, IN, Attorney for Appellee.

OPINION
KIRSCH, Judge.
A.W. ("Mother") appeals from the trial court's order sentencing her for a previous finding of contempt and modifying custody. She raises the following two restated issues:
I. Whether the trial court erred when it modified custody by granting a change of custody to Z.B. ("Father").
II. Whether the trial court abused its discretion in sentencing Mother to a two-year suspended sentence, which made her civil contempt sentence punitive in nature; and
We affirm, vacate, and remand.

FACTS AND PROCEDURAL HISTORY
Mother and Father have never been married, but have a child together, M.P.M.W., who was born on April 8, 2002. On September 20, 2005, Father filed a petition alleging paternity of M.P.M.W., and Mother admitted Father was the biological father of M.P.M.W. Mother was granted primary physical custody. Because Father and M.P.M.W. had not had a relationship prior to the filing of the paternity petition, a gradual schedule of unsupervised visitations was established.
In January 2007, Father filed a motion for contempt and petition for change of custody against Mother because she had withheld visitation rights. Father then filed another motion for contempt, and the trial court issued an order, finding Mother in contempt, issuing a writ for her arrest, and taking sentencing under advisement until Mother appeared in court. Father was also awarded sole custody with no visitation granted for Mother. In July 2007, the writ was served, and Mother was taken into in custody. Father filed a petition for change of custody, and after Mother was released from custody, she was allowed to have supervised visitation with M.P.M.W.
Over the next several months, Mother filed at least seven motions for contempt against Father regarding visitation. At one point, the trial court entered an order stating that law enforcement had the authority to require Father to turn M.P.M.W. over to Mother for summer visitation and modifying custody back to Mother. On September 24, 2008, the trial court issued an order finding Father to be in contempt of court for failing to notify Mother that he was taking M.P.M.W. out of state and for failing to timely turn the child over to Mother for summer visitation. Father received a thirty-day suspended *1208 sentence on each offense for a total of sixty days suspended. The trial court also sentenced Mother for her previous finding of contempt to two years to be suspended on the condition that she not violate any of the trial court's orders in the future. The trial court also ordered that Father be awarded primary physical custody of M.P.M.W. Mother now appeals.

DISCUSSION AND DECISION

I. Custody Modification
"Custody modifications are reviewed for abuse of discretion, with a preference for granting latitude and deference to trial court judges in family law matters." In re Marriage of Kenda & Pleskovic, 873 N.E.2d 729, 736 (Ind.Ct.App.2007), trans. denied. We will set aside judgments on custody modifications only when they are clearly erroneous, and we will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment. Id. at 737. Mother is appealing from a decision in which the trial court entered specific findings of fact and conclusions thereon. See Ind. Trial Rule 52(A). Therefore, we must first determine whether the evidence supports the findings and, second, whether the findings support the judgment. In re Marriage of Kenda & Pleskovic, 873 N.E.2d at 737.
Mother argues that the trial court erred when it modified custody to award Father sole physical custody of M.P.M.W. She specifically contends that the trial court erred because it based its decision to modify custody "in substantial part upon the premise of punishing [Mother] for absconding with the parties' child to the State of Michigan." Appellant's Br. at 17. To support her contention, she cites to language used by the trial court in its order, where it stated that Mother's contempt sentence was only suspended due in part to fact that she "was indirectly punished for her actions since the court suspended her visitation for a significant period of time" when M.P.M.W. was returned to Indiana. Id. (quoting Appellant's App. at 37). She also cites to language where the trial court cautioned Father that he risked having his visitation or custody suspended, as Mother had, for violating the court's order. Id. Further, Mother points to language that refers to her suspended contempt sentence and the trial court's ability to punish her if she absconds with the child again. Id. at 18.
Under Indiana Code section 31-17-2-21, a trial court may not modify a child custody order unless modification is in the child's best interests and a substantial change has occurred. In re Marriage of Kenda & Pleskovic, 873 N.E.2d at 737. Generally, cooperation or lack thereof is not appropriate grounds for switching custody. Pierce v. Pierce, 620 N.E.2d 726, 730 (Ind.Ct.App.1993), trans. denied (1994). Were a court to consider such in its determination of a custody modification, it would impermissibly punish a parent for noncompliance with a custody agreement. Id.
Here, although the trial court did include language regarding punishing Mother for violating the trial court's previous order and absconding the state with M.P.M.W., it also noted the following factors that led to its decision that a substantial change in circumstances had occurred and that it was in the best interest of M.P.M.W. that Father be awarded custody:
The Mother absconded with the child to the State of Michigan and deprived the Father and their daughter of their relationship.

*1209 The Mother dyed the hair of her child while in Michigan presumably to avoid being found.
The Mother withdrew the child from daycare and didn't re-enroll the child while in Michigan.
The Mother skipped a dentist appointment by going to Michigan.
The child's teeth were in an extremely deplorable condition when this took place and later the child had to have oral surgery due to the condition of her teeth. The court attributes the child's dental problems, in part, to the neglect of the Mother. The child confirmed this when speaking with the court by indicating and demonstrating that she would eat handfuls of sugar at a time and rarely brushed her teeth while at the Mother's home.
The Mother has reported the Father to Child Protective Services on more than one occasion without merit and as the court previously ruled this includes the allegation whereby the Father was watching an X-rated [movie] while in bed with the child. Again, the child confirmed to the court that this was a lie. The manner in which the child did this, by walking over to the judge and cupping her mouth and whispering that she lied added credibility to this statement.
The child's immunizations were not kept up to date by the Mother.
Appellant's App. at 38-39. We therefore conclude that the trial court based its decision on proper considerations, and it did not err in its decision to modify custody to Father.

II. Contempt Sentence
Mother argues that the trial court abused its discretion when it sentenced her to a two-year suspended sentence for her finding of contempt because the sentence was punitive in nature and did not offer her an opportunity to purge herself of the contempt finding. Civil contempt is failing to do something that a court in a civil action has ordered to be done for the benefit of an opposing party. Flash v. Holtsclaw, 789 N.E.2d 955, 958 (Ind.Ct.App.2003), trans. denied. A party who has been injured or damaged by the failure of another to conform to a court order may seek a finding of contempt. Id. Whether a party is in contempt is a matter left to the discretion of the trial court. Id. We will reverse a trial court's finding of contempt only if there is no evidence or inferences drawn therefrom that support it. Id.
It lies within the inherent power of the trial court to fashion an appropriate punishment for the disobedience of its order. MacIntosh v. MacIntosh, 749 N.E.2d 626, 631 (Ind.Ct.App.2001), trans. denied. Unlike criminal indirect contempt, the primary objective of a civil contempt proceeding is not to punish the contemnor but to coerce action for the benefit of the aggrieved party. Thompson v. Thompson, 811 N.E.2d 888, 905 (Ind.Ct. App.2004), trans. denied (2005). In a civil contempt action, imprisonment is for the purpose of coercing compliance with the order. MacIntosh, 749 N.E.2d at 631. "Nevertheless, a contempt order which neither coerces compliance with a court order or compensates the aggrieved party for loss, and does not offer an opportunity for the recalcitrant party to purge himself, may not be imposed in a civil contempt proceeding." Flash, 789 N.E.2d at 959.
Here, the trial court found Mother to be in contempt for violating the visitation order by absconding with M.P.M.W. to Michigan and sentenced her to a two-year sentence, which was suspended on the condition that Mother not violate any *1210 of the trial court's orders in the future. Appellant's App. at 37. The trial court went on to state:
The court believes this lengthy sentence is necessary to ensure that the Mother realizes the significance of her actions. The court only suspends this sentence due to the fact that the Mother had not violated any further orders of the court and the Mother was indirectly punished for her actions since the court suspended her visitation for a significant period of time following the return of the child to Indiana.
....
The Mother's many attempts to keep the Father from establishing custody and then undermining his right to be a part of his daughter's life cannot go unnoticed. By having a lengthy suspended sentence the Mother should appreciate the fact that if she absconds again with the child this court has a great ability to punish her to the fullest extent of the law.... Once a party agrees to something and the court orders it the court demands that the order be followed. This court will not tolerate anymore dictatorial practices from any party.
Id. at 37-38.
When a suspended sentence for civil contempt is conditioned upon compliance with a trial court's orders, this court has previously held that the suspended sentence is not punitive in nature because it is intended to coerce the party to abide by the trial court's orders and affords an opportunity for the party to purge itself of the contempt. See Flash, 789 N.E.2d at 959 (stating that previously ordered sixty-day suspended sentence was intended to coerce compliance with trial court's order and party given opportunity to purge itself of contempt by adhering to trial court's order; because party failed to do so, sentence could be ordered served). But see Thompson, 811 N.E.2d at 906 (finding sentence for civil contempt was punitive where trial court failed to indicate that party could purge itself of punishment and forego jail sentence by complying with its orders).
We recognize that a suspended sentence conditioned on adhering to the trial court's orders has generally been held a proper remedial contempt sanction, but believe that the two-year suspended sentence here was punitive. The majority of cases where a suspended sentence has been found to be a proper sanction for a civil contempt violation have involved shorter periods of imprisonment. Short periods of imprisonment may be coercive and remedial in nature, but the two-year sentence[1] in the present case, which falls within the sentencing range for a Class C felony, went beyond coercing action of a party and became punitive. Further, Mother's sentence did not offer an opportunity for her to purge herself of the contempt. Unlike a contempt sanction conditioned on the payment of money or the accomplishment of a single task, this contempt sentence here cannot be purged.[2] *1211 We therefore conclude that Mother's sentence was punitive in nature and vacate her two-year suspended sentence and remand to the trial court for resentencing.
Affirmed, vacated, and remanded.
RILEY, J., and MATHIAS, J., concur.
NOTES
[1] We note that in MacIntosh v. MacIntosh, 749 N.E.2d 626 (Ind.Ct.App.2001), trans. denied, a panel of this court found a two-year suspended sentence to be a proper civil contempt sanction because the effect of the imprisonment was to coerce the mother into assuring that she allow the father and the children to maintain contact with each other. Id. at 631-32. We, respectfully disagree with the conclusion reached by that panel.
[2] "There are, of course, instances in which a court may issue a punitive contempt order without a provision allowing the contemnor to purge him or herself of the contempt, such as is found in `indirect criminal contempt.'" Thompson v. Thompson, 811 N.E.2d 888, 906 (Ind.Ct.App.2004), trans. denied (2005). A criminal contempt is an act directed against the dignity and authority of the court that obstructs the administration of justice and tends to bring the court into disrepute. In re Direct Criminal Contempt Proceedings, 864 N.E.2d 425, 428 (Ind.Ct.App.2007), trans. denied. Therefore, a criminal contempt sanction is punitive in nature because its purpose is to vindicate the authority of the court, and it benefits the State rather than the aggrieved party. Id.