Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Jan 24 2013, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBRA S. ANDRY**
Paoli, Indiana

ATTORNEY FOR APPELLEE:

**KENDRA G. GJERDINGEN**
Mallor Grodner, LLP
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| P.P. | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 36A01-1203-DR-113 |
| | ) | |
| J.C., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE JACKSON SUPERIOR COURT
The Honorable Chris D. Monroe, Special Judge
Cause No. 36D02-0901-DR-41

**January 24, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

J.C. ("Mother") and P.P. ("Father") were divorced by the Jackson Circuit Court on August 4, 2008. Mother and Father agreed to joint legal custody of their two children with Mother having primary physical custody and Father having parenting time no less than that which is provided in the Indiana Parenting Time Guidelines. The agreement also provided that Father's child support obligation was $210.00 per week. On June 3, 2009, Father filed a petition to modify custody and child support, and he requested sole physical custody of both children. On February 10, 2012, a hearing was held on the matter, and the trial court denied Father's request for modification. Father appeals and raises three issues, which we restate as two issues:

> I. Whether the trial court abused its discretion by denying Father's petition to modify custody and child support?

> II. Whether the trial court abused its discretion by denying Father's verified rule to show cause?

We affirm.

## Facts and Procedural History

On August 4, 2008, Mother and Father were divorced by the Jackson Circuit Court. The divorce decree incorporated Mother's and Father's agreement in which Mother and Father agreed to share joint legal custody of their two children ("M.P." and "C.P."). Under the agreement, Mother was awarded primary physical custody of both children with Father to have parenting time no less than that provided in the Indiana Parenting Time Guidelines and a child support obligation of $210.00 per week. Since the divorce, Father has had parenting time overnight on Tuesday, every other weekend, and half the summer.

2

Prior to the divorce being finalized, but after Father moved out of the family home, M.P. started exhibiting behavioral issues at school. She suffered from trichotillomania[1] and from severe depression. Also, prior to the divorce, an allegation of sexual abuse of M.P. was made against Father, but it was later determined to be unsubstantiated. After the divorce, two additional allegations of sexual abuse were made against Father; these allegations were also later found to be unsubstantiated.

On June 3, 2009, Father filed a Petition to Modify Custody, Visitation and Support, in which he alleged a substantial and continuing change in circumstances and requested sole physical custody of the children. Father also filed a Verified Information for Rule to Show Cause in which he alleged that Mother had failed to allow Father to exercise his extended parenting time with their children.

Sadly, the hearing on Father's petitions was not held until February 10, 2012. From the bench, the trial court noted that Indiana Code section 31-17-2-21 requires custody modification to be in the child's best interest and that there be a substantial change in one or more factors. Tr. pp. 347-48. The trial court found that there was no change in circumstances to warrant a custody modification and that it was not in the children's best interest to modify physical custody. Tr. p. 355. On February 17, 2012, the trial court denied both the Petition to Modify Custody, Visitation and Support and the Verified Information for Rule to Show Cause.

Father now appeals.

---

[1] Trichotillomania is the compulsive urge to pull out one's own hair.

## I. Child Custody

Father argues that the trial court abused its discretion in denying his Petition to Modify Custody, Visitation and Support. We review a trial court's decision regarding a request to modify custody and child support for an abuse of discretion; we give "latitude and deference" to the trial court's decision in family law matters. Kirk v. Kirk, 770 N.E.2d 304, 307 (Ind. 2002) (quoting In re Marriage of Richardson, 622 N.E.2d 178, 178 (Ind. 1993)) (internal quotation marks omitted); see also In re Marriage of Kraft, 868 N.E.2d 1181, 1185 (Ind. Ct. App. 2007). We "will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment." Id. (citing Richardson, 622 N.E.2d at 179). Furthermore, we will not "reweigh the evidence or judge the credibility of the witnesses[,]" and we will consider only the evidence most favorable to judgment and the reasonable information drawn therefrom. Green v. Green, 843 N.E.2d 23, 26 (Ind. Ct. App. 2006).

When a trial court does not make special findings, "a general judgment standard applies to any issue upon which the trial court has not found[.]"[2] Sexton v. Sedlak, 946 N.E.2d 1177, 1183 (Ind. Ct. App. 2011), trans. denied. "A general judgment may be affirmed based on any legal theory supported by the evidence." Rea v. Shroyer, 797 N.E.2d 1178, 1181 (Ind. Ct. App. 2003). We "presume the trial court followed the law[.]" Id. "'[I]t is not enough that the evidence might support some other conclusion,

---

[2] Mother initially requested that findings of facts and conclusions of law be entered, but she withdrew that request during the custody hearing. Tr. p. 355.

but it must positively require the conclusion contended for by appellant before there is a basis for reversal.'" Id. (quoting Kirk, 770 N.E.2d at 307).

First, we address Father's argument regarding modification of child custody. Under Indiana Code section 31-17-2-21, a "court may not modify a child custody order unless: (1) the modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors that the court may consider under [Indiana Code section 31-17-2-8]." A trial court does not have to specifically identify which of the factors[3] has substantially changed, but "we have interpreted I.C. § 31-17-2-21 to require that a modification must be accompanied by a finding that there has been a substantial change in one or more of the statutory factors listed in I.C. § 31-17-2-8." Nienaber v. Marriage of Nienaber, 787 N.E.2d 450, 455-56 (Ind. Ct. App. 2003).

A trial court may consider changes to the factors that occurred since the last custody determination, including changes that occurred after the petition requesting

---

[3] Indiana Code section 31-17-2-8 provides:

> The court shall consider all relevant factors, including the following:
> (1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
>     (A) the child's parent or parents;
>     (B) the child's sibling; and
>     (C) any other person who may significantly affect the child's best interests.
> (5) The child's adjustment to the child's:
>     (A) home;
>     (B) school; and
>     (C) community.
> (6) The mental and physical health of all individuals involved.
> (7) Evidence of a pattern of domestic or family violence by either parent.
> (8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

5

modification was filed.  Rea, 797 N.E.2d at 1182.  Even if there has been "a substantial change in one or more of the considerations listed in Indiana Code § 31–17–2–8, the trial court must also consider the best interests of the child when deciding whether to modify an existing custody arrangement."  Leisure v. Wheeler, 828 N.E.2d 409, 417 (Ind. Ct. App. 2005).  A petitioner seeking modification "bears the burden of demonstrating the existing custody should be altered."  Kirk, 770 N.E.2d at 307.

Father argues on appeal that the trial court erred by not finding that the "immature and dependent behavior of the children fostered by Mother" was a substantial and continuing change in circumstances and by not considering the sexual abuse allegations as showing Mother's "lack of willingness to work cooperatively with Father[.]" Appellant's Br. at 15-17.  During the custody hearing, Father testified that he was petitioning for primary physical custody, in part, because he had been investigated three times by Child Protective Services and the police for allegations regarding sexual abuse. Tr. p. 123.  All three times the allegations regarding sexual abuse were unsubstantiated. Id.  Moreover, Father asserted he was concerned with M.P.'s behavior of pulling out her hair and crawling under a desk at school and was concerned with C.P.'s immaturity.  Tr. pp. 123, 238.

However, Father also testified that M.P. was pulling out her hair prior to the August 2008 custody agreement, and that this behavior stopped three years ago. The first allegation regarding sexual abuse was made before the divorce was finalized.  Tr. pp. 129, 238.  We note that a trial court is limited to considering changes in the factors that have occurred since the last custody decree.  Wolljung v. Sidell, 891 N.E.2d 1109, 1111

6

(Ind. Ct. App. 2008). Therefore, we defer to the trial court's finding that these issues do not show a substantial change in one of the factors since they were already occurring prior to the August 2008 custody agreement.

As to Father's other arguments regarding the children's behavior, we note that there was substantial, positive evidence in the record regarding the children's behavior. The school's social worker and Mother's counselor, Peggy Garcia ("Garcia"), testified that M.P. had many "at risk" behaviors around the time of her parent's divorce when she was in second or third grade, namely pulling out her hair and drawing pictures depicting "sexual content[.]" Tr. pp. 174-176. Yet, Garcia also testified that M.P. is different now than she was in second or third grade, because now "she doesn't appear any different than any other sixth grade girl" and is "bubbly," "has a good sense of humor[,]" and is "getting good grades." Tr. p. 178. In addition, Jennifer Solara, a teacher at the children's school and neighbor, testified that M.P. is not the same girl as before. She is now "articulate" and "polite[.]" Tr. p. 226. Moreover, M.P.'s current school records show that M.P. is excelling in school, and C.P.'s kindergarten report card shows she is meeting expectations, including her teacher's expectations in social and emotional development areas. See Exhibits Vol., Petitioner's Exs. 5 & 6.

Thus, in considering the changes that have occurred since the petition for modification has been filed, the trial court found that while the children had initially struggled at the time of the divorce, recently they have significantly improved. The record reflects that the trial court considered the factors and found that there was not a substantial change in the factors since August 2008 and that modification would not be in

the children's best interest. For all these reasons, we find the trial court did not abuse its

discretion in denying Father's petition to modify custody.[4]

## II. Child Support

We next consider Father's request to modify his child support obligation.[5] The

petitioner has the burden of establishing that the child support order should be modified.

Kraft, 868 N.E.2d at 1185 (citing MacLafferty v. MacLafferty, 829 N.E.2d 938, 940 (Ind.

2005)).

Specifically, in Father's petition to modify custody he sought termination of his

child support if he was granted primary physical custody. Since Father was not awarded

primary physical custody, the issue of whether his child support obligation should be

ceased is moot. See Pribush v. Roy, 456 N.E.2d 747, 751 n.1 (Ind. Ct. App. 1983)

(holding that the court's disposition of the issue naturally mooted the support issue).

However, Father argues on appeal that he did raise additional reasons, in addition

to his anticipated assumption of primary custody, why modification of the child support

order was appropriate. Father argues that the trial court abused its discretion by not

---

[4] Father also argues that the trial court abused its discretion by giving "undue weight and consideration" to the acts Father committed prior to the original custody agreement, namely Father's extramarital affair. Appellant's Br. at 21. While the trial court did remark that this may be causing part of the communication issues between the parties, there was no evidence in the record that the trial court gave "undue weight" to the acts Father committed prior to the original custody agreement when the court rendered its decision regarding whether modification was appropriate.

[5] Father argues that the trial court failed to address his petition to modify child support and that the case should be remanded to address this issue. We disagree with Father that the trial court did not address his petition to modify child support. The trial court denied Father's Petition to Modify Custody, Visitation and Support on February 17, 2012. And we again note that neither party requested special findings and conclusions of law be entered. See Beardsley v. Heazlitt, 654 N.E.2d 1178, 1183 (Ind. Ct. App. 1995) (holding that trial court did not err in failing to make written findings where neither party requested special findings and the party seeking modification failed to enter a verified child support guidelines worksheet, because without a verified worksheet the court is unable to determine whether the trial court deviated from the child support guidelines).

considering that the August 2008 custody agreement included childcare costs for C.P., which are no longer applicable since C.P. is in kindergarten, and that his current income is a "little lower." Tr. p. 159.

Indiana Code section 31-16-8-1, governs modification of child support and provides that except as provided in section 2 of this chapter, modification may be made only:

> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
> (2) upon a showing that:
>> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

Thus, under this section, there are two alternative methods for "seeking modification—compliance with Subsection (1) or, in the alternative, compliance with Subsection (2)." Reinhart v. Reinhart, 938 N.E.2d 788, 791 (Ind. Ct. App. 2010). The petitioning party "bears the burden of proving a substantial change in circumstances justifying modification." Page v. Page, 849 N.E.2d 769, 771 (Ind. Ct. App. 2006).

Here, Father bore the burden of proving a substantial change of circumstances to justify modification; however, he filed a worksheet that was unverified and not signed.[6] This court held in Beardsley v. Heazlitt, that it would be error for a trial court to base its support order on an unverified and unsigned worksheet, and that the worksheet

---

[6] Father did file a Child Support Obligation Worksheet, but the worksheet was not signed by either party. See Exhibits Vol., Respondent's Exhibit B.

9

requirement is particularly important when a party is self-employed. 654 N.E.2d 1178, 1181 (Ind. Ct. App. 1995). Since the trial court did not change primary physical custody and his child custody worksheet was unsigned, Father did not meet his burden of showing substantial and continuing changed circumstances that made the terms unreasonable. Moreover, his argument also fails under subsection two because the modification petition was filed on June 3, 2009, which was less than twelve months after the August 4, 2008 order he was seeking to modify. For all these reasons, we defer to the trial court's decision that petition to modify child custody should be denied.

### III. Verified Information for Rule to Show Cause

Father argues that the trial court abused in discretion in "denying Father's Verified Information for Rule to Show Cause as Mother had unreasonably interfered with Father's parenting time[,]" because Father missed two overnights with C.P. and was not given extended summer parenting time with the children until after he filed his motion. Appellant Br. at 25-26. Father's verified petition sought a finding of contempt against Mother.

"In order to support a finding of indirect contempt, it must be shown that a party willfully disobeyed a lawfully entered court order of which the offender had notice." Rendon v. Rendon, 692 N.E.2d 889, 896 (Ind. Ct. App. 1998) (citing Mitchell v. Stevenson, 677 N.E.2d 551, 558 (Ind. Ct. App. 1997), trans. denied. Whether a party is in contempt of court is a matter committed to the trial court's discretion. In re Paternity of M.P.M.W., 908 N.E.2d 1205, 1209 (Ind. Ct. App. 2009). "An abuse of discretion 'occurs only when a trial court's decision is against the logic and effect of the facts and

circumstances before it.'" Aaron v. Scott, 851 N.E.2d 309, 314 (Ind. Ct. App. 2006) (quoting Harlan Bakeries, Inc. v. Muncy, 835 N.E.2d 1018, 1040 (Ind. Ct. App. 2005)).

Here, the trial court found that there was "no willful failure to comply with regard to parenting time[.]" Tr. p. 355. While Father did miss two Tuesday overnights, we defer to the trial court's decision that there were "communication issues between the parties" and that Mother did not willfully fail to comply. Id.

## Conclusion

The trial court did not abuse its discretion in denying Father's petition to modify custody and child support and Father's verified rule to show cause.

Affirmed.

KIRSCH, J., and CRONE, J., concur.