## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 31 2020, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

J.L.F.-D.
Philadelphia, Pennsylvania

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.L.F.-D., <br> *Appellant,* <br><br> v. <br><br> C.N.D., <br> *Appellee.* | January 31, 2020 <br><br> Court of Appeals Case No. <br> 19A-DR-1381 <br><br> Appeal from the Wayne Circuit Court <br><br> The Honorable David Kolger, Judge <br><br> Trial Court Cause No. <br> 89C01-1606-DR-160 |

**Bailey, Judge.**

# Case Summary

[1] J.L.F.-D. ("Father"), proceeding pro se, appeals the trial court order which modified child custody and suspended his parenting time, among other things.[1] As Father's appeal brief is not in compliance with Indiana Appellate Rule 46, it is not clear what issue or issues he raises on appeal, and his appeal is waived. Waiver notwithstanding and assuming Father raises the issue of whether the trial court erred when it modified child custody and suspended parenting time, we affirm.

# Facts and Procedural History

[2] The marriage of Father and C.N.D. ("Mother"), parents of J.C.D. ("Child"), who was born on March 25, 2008, was dissolved in an order dated July 11, 2018. The dissolution order granted the parents joint legal custody and granted Mother physical custody of Child. Mother and Child lived in Richmond, Indiana, and Father lived in Philadelphia, Pennsylvania. Child had telephone contact with Father and parenting time with Father in Philadelphia.

[3] At the conclusion of Father's parenting time with Child during the Christmas holiday in 2018, Father refused to return Child to Mother due to Father's

---

[1] The order also: (1) found Father in contempt of the dissolution decree and ordered that he "may purge himself of such contempt" by paying $1,775 in Mother's attorney fees; (2) denied Mother's petition for appointment of a parenting time coordinator; and (3) granted the Mediator's petition to enforce payment of mediation costs and ordered Father to pay such costs. App. at 53-55.

allegations that Child was abused. On five occasions Father had registered complaints with the Wayne County, Indiana Department of Child Services and a child services agency in Philadelphia in which he alleged Mother neglected and/or abused Child. All of those allegations were found by the respective child services agencies to be unsubstantiated.

[4] The trial court held a status conference on January 3, 2019, at which it set an additional status conference for January 7 and ordered Father to appear at that conference with Child. On January 7, Mother filed a petition to hold Father in contempt of the dissolution decree and a motion to modify custody by granting her sole legal custody and suspending Father's parenting time. On the same date, Father filed a petition to modify custody and child support. Father appeared with Child at the January 7 status conference and turned Child over to Mother.

[5] On May 21, 2019, the trial court conducted a hearing on all pending motions. Father failed to personally appear and was not represented by counsel. In an order dated May 23, 2019, the trial court denied Father's petition to modify custody and granted Mother's petition for contempt and to modify custody and parenting time. Specifically, the trial court found Father in contempt of the dissolution decree for registering false complaints with child service agencies and refusing to return Child to Mother's custody after parenting time. Regarding modification of joint legal custody, the trial court found, in relevant part, that:

-   Father had "repeatedly demonstrated his unwillingness" to communicate and cooperate with Mother to advance Child's welfare;

-   Father's "numerous false allegations to the child service agencies in Indiana and Pennsylvania … were undoubtedly aimed by Father at destroying Mother's credibility," and that "Father showed no regard for the stress and tension caused to their child by the multiple, intrusive interviews necessitated by his false claims[;]"

-   "Father's refusal to return the child to Mother's custody following the Christmas break not only demonstrated his unwillingness to co-parent with Mother, but also caused further stress on their child[;]"

-   "Father's absolute refusal to engage in the mediation process, as well as his repeated failures to meet and cooperate with the court appointed [GAL], was further evidence of his unwillingness to compromise with Mother[;]"

-   "Father is unwilling to co-parent with Mother in any meaningful sense," making joint legal custody "no longer a viable option."

App. at 53-54. The trial court concluded that the custody order was modified to grant Mother "sole legal custody" of Child. *Id*. at 54.

[6] Regarding modification of parenting time, the trial court noted that it had "grave concerns about the safety and well being of this child while in Father's care and custody" due to his "defiant decision to refuse to return" Child to

Mother in January of 2019. *Id*. The court also cited testimony of the GAL "regarding how traumatic that event was for [Child] and how she felt she might not get to see her Mother again." *Id*. The court noted its further concern about Father's "'clandestine' methods of accessing [Child] through video game interaction … and his use of relatives' … social media accounts and/or electronic communication devices." *Id*. The court concluded

> that any further access by Father to [Child] could negatively impact her emotional development and/or her physical health. Accordingly, the Court finds that Father's parenting access with [Child] should be suspended until further order of this court.
>
> IT IS THEREFORE ORDERED that Father's parenting time access with the parties['] minor child … is hereby SUSPENDED until further order of this Court.

*Id*. Father now appeals.

# Discussion and Decision

[7] We begin by noting that, although Father appeals pro se, he is held to the same standard as trained counsel and is required to follow procedural rules. *Meisberger v. Bishop*, 15 N.E.3d 653, 656 (Ind. Ct. App. 2014). Therefore, we do not "'indulge in any benevolent presumptions on [his] behalf, or waive any rule for the orderly and proper conduct of [his] appeal.'" *Id*. (quoting *Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 689 (Ind. Ct. App. 2009), *trans. denied*).

We also note that Mother has not filed an appellee's brief. Under such circumstances, "we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes prima facie error." *Id*. Prima facie error means error "at first sight, on first appearance, or on the face of it." *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

## Waiver

Indiana Appellate Rule 46 contains the requirements for appellate briefs. The purpose of the rule "is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case." *Tipton v. Estate of Hofmann*, 118 N.E.3d 771, 776 (Ind. Ct. App. 2019). When an appellant's noncompliance with Rule 46 is "so substantial that it impedes our appellate consideration of the errors," those alleged errors are waived. *Id*.

Here, as in *Tipton*, Father's brief "fails to comply in virtually every respect with Indiana Appellate Rule 46." *Id*. Rule 46(A)(1) requires a table of contents that lists "each section of the brief, including the headings and subheadings of each section and the page on which they begin." Father's purported "Table of Contents" only consists of the names and relationships of people in the subsequent thirty-page narrative, and the following three lines:

Page 3-21 Summary and facts from 12/2016 to Present

Page 22-30 Illegal Actions done to my daughter and I

Page 30-32  Parenting Plan

Appellant's Br. at 2.   Father's brief does not contain a Table of Authorities, App. R. 46(A)(2), a Statement of Issues, App. R. 46(A)(4), a Statement of the Case, App. R. 46(A)(5), or a Summary of the Argument, App. R. 46(A)(7), all of which are required.  Nor does his brief contain a sufficient Statement of Facts; under Appellate Rule 46(A)(6), that section must contain facts which are supported by references to the Record on Appeal or the Appendix.  Father's brief contains not one reference to the Record or Appendix.

[11]  Finally, to the extent Father's brief contains an Argument section, it is completely deficient.  Appellate Rule 46(A)(8) requires an Argument section that "contains the contentions of the appellant on the issues presented, supported by cogent reasoning."  Pages three to twenty-five and thirty through thirty-two of Father's brief do not have any headings or subheadings and are each one long, multi-paged paragraph.  Moreover, those parts of the brief contain nothing but Father's unsupported statements of his version of the facts and argument without supporting authority or cogent reasoning.  Father chose not to appear and give testimony at the hearing on his and Mother's petitions to modify custody; he certainly may not give such testimony in an appeal brief.  And the only authority Father references is contained in pages twenty-five through thirty and consists of nothing other than a purported recitation of the Indiana Parenting Time Guidelines, without citation or ascertainable section references.  Father's only statement regarding why those guidelines are relevant is the following sentence:  "[Mother], [Mother's] family and the Wayne County

Court have ignored all of these laws and rights [Child] and I have." Appellant's Br. at 25. That is not the cogent reasoning required by the appellate rules.

[12] Because Father's brief is deficient in every way, his arguments are waived.

## Waiver Notwithstanding

[13] Waiver notwithstanding,[2] and assuming Father appeals the custody modification and parenting time suspension orders, Father has failed to show prima facie error. We review both orders for an abuse of discretion. *Robertson v. Robertson*, 60 N.E.3d 1085, 1090-91 (Ind. Ct. App. 2016) (custody modification); *Meisberger*, 15 N.E.3d at 656 (restriction of parenting time). The trial court also made findings and conclusions; therefore, we employ a two-tiered standard of review under which we first determine whether the record supports the findings and then whether the findings support the judgment. *E.g.*, *Nelson v. Nelson*, 10 N.E.3d 1283, 1285 (Ind. Ct. App. 2014) (quotation and citation omitted). Father does not challenge any specific finding; therefore, we only address whether the findings support the judgment.

[14] A trial court may modify a child custody order when it finds that modification is in the child's best interests and there has been a substantial change in one or more of the relevant statutory factors, such as the interaction of the child with the parents and the mental and physical health of all individuals involve. Ind.

---

[2] If possible, we prefer to decide cases on their merits. *Picket Fence Prop. Co. v. Davis*, 109 N.E.3d 1021, 1030 (Ind. Ct. App. 2018), *trans. denied*.

Code § 31-17-2-21; I.C. § 31-17-2-8(1)-(8).  Here, the trial court made the following findings in support of its modification of custody:  there was a breakdown in communication and cooperation caused by Father; Father made numerous false allegations of Mother's alleged abuse/neglect to child services; Child suffered emotional harm caused by the "multiple, intrusive interviews necessitated by [Father's] false claims[;]" and Father refused to return Child to Mother's custody following visitation, which the GAL testified was "traumatic" for Child.  App. at 53-54.  Those findings support the trial court's modification order granting Mother sole legal custody of Child.  *See, e.g.*, *A.W. v. Z.B.* (*In re Paternity of M.P.M.W.*), 908 N.E.2d 1205, 1208-09 (Ind. Ct. App. 2009) (custody modification supported by findings that parent absconded with the child and made false accusations against other parent).

[15] A trial court may restrict parenting time when it finds that such restriction would be in the child's best interests and that "parenting time might endanger the child's physical health or significantly impair the child's emotional development."  I.C. § 31-17-4-2.  Here, the trial court found that Child was harmed by:  Father's refusal to cooperate with the GAL; his "defiant decision" to refuse to return Child to Mother in January 2019 and the trauma caused to Child by that refusal; and his "clandestine" methods of accessing Child in subversion of court orders.  App. at 54.  Moreover, the court specifically found that "any further access by Father with [Child] could negatively impact her emotional development and/or her physical health."  *Id*.  Those findings are

sufficient to support the suspension of Father's parenting time with Child. I.C. § 31-17-4-2.

# Conclusion

[16] Father's complete failure to comply with Indiana Appellate Rule 46 resulted in waiver of his arguments on appeal. Waiver notwithstanding, the trial court did not abuse its discretion when it modified child custody to sole legal custody with Mother and suspended Father's parenting time. Father failed to establish prima facie error.

[17] Affirmed.

Kirsch, J., and Mathias, J., concur.